**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karla Pope,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>The Commissioner on Judicial Performance, et al.,<br><br>　　　　Defendants. | No. CV09-2150 PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a complaint against more than 20 Defendants asserting 14 separate causes of action. Dkt. #1. All of the Defendants appear to be located in California, and include state court judges, prosecutors, county agencies, law enforcement officers, and attorneys. Plaintiff's complaint appears to be based on California's removal of her children.

**I.　Screening Complaint Under 28 U.S.C. § 1915(e)(2).**

　**A.　Legal Standards.**

Plaintiff is proceeding *in forma pauperis*. Dkt. ##4, 5. In such cases, Congress has provided that a district court "shall dismiss the case at any time if the court determines" that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). This statute applies to all *in forma pauperis* cases. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id*.

**B.     Pleading Deficiencies.**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A complaint must give each Defendant fair notice of the claims asserted against it and the basis for those claims. Although Plaintiff's complaint sets forth factual accusations against many of the Defendants, each of the 14 causes of action is asserted against each Defendant. In many of these causes of action, the specific conduct of the alleged Defendant giving rise to the cause of action is not specified. Some of the causes of action contain little factual information, such as the fourth and fifth causes of action. Dkt. #1 at 11. And although the complaint lists a total of 14 causes of action on the first page, the sixth through ninth causes of action are omitted from the body of the complaint. *Id.* at 11-12. Plaintiff's allegations are insufficient because they fail to give each Defendant notice of the precise claims asserted against him or her and the basis for each of the claims. *Arikat v. JPMorgan Chase & Co.*, 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006).

**C.     Venue.**

Plaintiff's complaint fails to allege that venue is proper in Arizona. As all Defendants appear to be located in California, and all events related to this action appear to have occurred in California, venue in Arizona may not be appropriate. *See* 28 U.S.C. § 1391(b) (civil law suit based on federal question jurisdiction may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.")

### D. Immunity.

Plaintiff has sued a number of California state court judges. Judges are absolutely immune from liability for actions taken in their judicial capacity. *Stump v. Starkman*, 435 U.S. 349, 355-57 (1978).

### E. Conclusion.

Plaintiff's complaint fails to specify which claims are asserted against which Defendants and on what factual and legal basis. Plaintiff's complaint fails to allege that venue is appropriate in Arizona. Plaintiff's complaint sues Defendants who are absolutely immune from liability for actions taken in their judicial capacity. For these reasons, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff will be given an opportunity, if she so chooses, to amend her complaint. Any amended complaint must be filed on or before **April 16, 2010**.

## II. Plaintiff's Obligations.

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office.

Plaintiff is advised that, pursuant to Rule 83.3 of the Local Rules of Civil Procedure, she is required to file a notice of address change no later than 14 days before the effective date of the change. LRCiv 83.3(d). If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*,

963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. Plaintiff's complaint (Dkt. #1) is **dismissed without prejudice**. Plaintiff may file an amended complaint on or before **April 16, 2010**.
2. Plaintiff's pending motion for extension (Dkt. #6) is **denied as moot**.
3. The Clerk is directed to terminate this action without further order of the Court if Plaintiff fails to file an amended complaint by **April 16, 2010**.

DATED this 31st day of March, 2010.

_____
David G. Campbell
United States District Judge